# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RICHARD ROGERS,                      )
                                     )
                Plaintiff,           )
                                     )
v.                                   ) No. CIV-05-455-S
                                     )
BNSF RAILWAY COMPANY, STILLWATER     )
CENTRAL RAILROAD, MARTIN             )
TRANSPORTATION SYSTEMS, INC., and    )
LISA SHEEHY,                         )
                                     )
                Defendants.          )


## OPINION AND ORDER


On November 14, 2005, Plaintiff Richard Rogers, a locomotive engineer, instituted this action against Defendants, BNSF Railway Company ("BNSF"), Stillwater Central Railroad ("Stillwater"), Martin Transportation Systems, Inc. ("Martin"), and Lisa Sheehy ("Sheehy") for injuries he sustained as a result of truck/train accident with Sheehy's vehicle occurring on November 12, 2003, at a railroad crossing near milepost 477.7 in Stroud, Oklahoma.[1]  It is undisputed that the site of this accident is located within the territorial confines of the judicial district for the Western District of Oklahoma.  Plaintiff asserts a claim against his employer, BNSF, under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*  Plaintiff also asserts common law negligence claims against Stillwater, Martin, and Sheehy. Stillwater is the owner of the track and crossing in question and Martin was Sheehy's employer at the time of the accident.

---

[1]  Plaintiff also named as a defendant, Miller Truck Lines, Inc. ("Miller").  Miller is no longer a party to this action as on January 12, 2006, Plaintiff and Miller entered a Rule 41 Stipulation of Dismissal Without Prejudice.

1

Martin and Sheehy have joined in a Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Dismiss for Improper Venue and Transfer Venue (Doc. No. 28). BNSF and Stillwater have filed a Joint Motion to Dismiss or, Alternatively, Motion to Transfer (Doc. No. 30). A common thread running between the motions is the assertion that venue is improper in the Eastern District of Oklahoma. All Defendants further agree the Court should transfer this action to the Western District of Oklahoma if an outright dismissal for improper venue is not granted. Having fully reviewed the respective submissions of the parties, the Court agrees with the Defendants and finds venue in the Eastern District of Oklahoma to be improper and it further finds that this action should be transferred to the Western District of Oklahoma.

Before addressing the venue issue, the Court must resolve the argument made by Martin and Sheehy that this Court lacks personal jurisdiction over them. Before a Court can exercise personal jurisdiction over a non-resident defendant, the Due Process Clause of the Fourteenth Amendment requires a showing of minimum contacts between the defendant and the forum state. OMI Holdings, Inc. v. Royal Insurance Company of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998)(quoting World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 291 (1979)). One way of satisfying this due process requirement is through the assertion of specific jurisdiction over a non-resident defendant. OMI, 149 F.3d at 1090-91. Specific jurisdiction involves a showing that the non-resident defendant has purposefully directed his activities at residents of the forum coupled with a showing that the litigation results from injuries which arise out of or relate to those activities. Id.; see Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, n. 8 (1984)(specific jurisdiction references a suit which "arise[s] out of" or relate[s] to" the defendant's contacts with the forum state). If the

2

defendant's actions are such that minimum contacts can be established, the Court "must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" OMI, 149 F.3d at 1091 (quoting Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 113 (1987)).

Affidavits submitted on behalf of Martin and Sheehy establish that Martin is a Michigan corporation with its principal place of business in Michigan and that Sheehy is a Michigan resident. The affidavits go on to detail the total absence of any dealings or contacts by either Martin or Sheehy with the state of Oklahoma. In sum, Martin and Sheehy contend they have had no contacts with the state of Oklahoma other than their involvement in this accident occurring in the Western District of Oklahoma. From this premise, Martin and Sheehy argue that this Court sitting in the Eastern District of Oklahoma lacks personal jurisdiction over them because *the judicial district for the Eastern District of Oklahoma* lacks the necessary minimum contacts with them. This focus on judicial district contacts is misplaced. The minimum contacts analysis requires an evaluation of the contacts between the defendant and *the forum state*. See World -Wide Volkswagon Corp., 444 U.S. at 291 (a court may properly exercise jurisdiction over a non-resident defendant provided there exists minimum contacts between the defendant and *the forum state*). Here, the Plaintiff's negligence claims against Martin and Sheehy clearly arise out of or relate to the activities associated with Sheehy's operation of a truck in the state of Oklahoma during the course of her employment with Martin. Consequently, the Court deems it appropriate to exercise jurisdiction over Martin and Sheehy as their operation of a motor vehicle across the roads of the state of Oklahoma is such that they should have reasonably anticipated being haled into court in

3

Oklahoma and, further, the exercise of personal jurisdiction over Martin and Sheehy comports with notions of fair play and substantial justice given the situs of the accident, the apparent absence of a forum other than Oklahoma to resolve this matter between the parties joined in this suit, and Oklahoma's interest in adjudicating a dispute occurring within its borders. See McKinnis v. Kelly, 773 P.2d 772 (Okla.Ct.App.)(1989)(Oklahoma court had personal jurisdiction over Texas resident involved in an automobile accident in Oklahoma as the operation of motor vehicle on the roads and highways of Oklahoma, combined with his acts or omissions causing injury to another, satisfies the "minimum contacts" test). The request for dismissal for lack of personal jurisdiction is therefore denied.

Turning to the primary focus of the respective motions, the Court will address Defendants' contention that venue is not proper in the Eastern District of Oklahoma. As this action does not rest solely on the basis of diversity jurisdiction given the existence of Plaintiff's FELA claim against BNSF, the controlling venue provision is 28 U.S.C. § 1391(b), which provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> > (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> >
> > (3) a judicial district in which any defendant may be found, if there is no district in which

4

the action may otherwise be brought.

The Court concludes that none of these provisions support venue in the Eastern District of Oklahoma.[2]

Under subsection (1), venue is appropriate in "a judicial district where any defendant resides, if all defendants reside in the same State." Thus, in order for venue to be appropriate in the Eastern District of Oklahoma under subsection (1), all Defendants must reside in Oklahoma. While BNSF, Stillwater, and Martin, as corporations, all can be said to "reside" in Oklahoma due to the fact that they are all subject to personal jurisdiction in Oklahoma courts, <u>see</u> 28 U.S.C. § 1391(c), the "residence" test for individuals such as Sheehy mandates a different result. In determining Sheehy's "residence" for venue purposes under subsection (1), the Court looks to "where [s]he is 'domiciled' and makes [her] permanent home." <u>Samuelson v. Honeywell</u>, 863 F.Supp. 1503, 1508 (E.D. Okla. 1994)(citing <u>Lee v. Hunt</u>, 410 F.Supp. 329, 332 (M.D. La. 1976). The fact that a person may have sufficient contacts with a state to allow for the exercise of personal jurisdiction over that person does not equate with "residence" for purposes of evaluating venue under subsection (1); rather, "domicile" is the operative criterion. <u>Id</u>. Thus, the fact that this Court can exercise personal jurisdiction over Sheehy does not mean that Sheehy is a "resident" of Oklahoma for purposes of

_____

[2] In his response to the motions, Plaintiff agrees that section 1391(b) is the controlling venue provision, but he attempts to confuse the analysis by contending the FELA venue provision, 45 U.S.C. § 56, is controlling as to BNSF. The Court need not address the FELA venue provision, however, as it has no application to the claims asserted against Stillwater, Martin, and Sheehy. Under these circumstances, the general venue provision of section 1391(b) necessarily controls this action involving both a federal claim and supplemental state law claims.

evaluating venue. The uncontested affidavit of Sheehy clearly establishes Michigan, not Oklahoma, as her residence. Sheehy is domiciled in Michigan and makes her permanent home there. Consequently, since not "all defendants" reside in Oklahoma, venue is not appropriate in the Eastern District of Oklahoma under subsection (1).

Venue in the Eastern District of Oklahoma is also not appropriate under either subsections (2) or (3). As the accident took place in the Western District of Oklahoma, it cannot seriously be argued under subsection (2) that "a substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of Oklahoma. 28 U.S.C. § 1391(b)(2). As to subsection (3), this "fallback" provision only applies "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b)(3); see Samuelson, 863 F.Supp. at 1509-1510. Because venue is clearly appropriate in the Western District of Oklahoma under subsection (2) - the accident having taken place in that district - subsection (3) has no application herein.

Having found venue to be lacking in this district, the Court must consider whether to dismiss or transfer this action. In this regard, 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This action could have been brought in the United States District Court for the Western District of Oklahoma under section 1391(b)(2) as that judicial district is the situs of the subject accident. The Court further finds that the interest of justice would be best

served by transferring this case to the United States District Court for the Western District of Oklahoma. Dismissing this action and requiring Plaintiff to incur an additional filing fee expense advances neither the parties' nor the judicial system's interest in the efficient administration of justice, particularly in this situation where the Defendants have made an alternative request for transfer, albeit under 28 U.S.C. § 1404(a) and the doctrine of *forum non conveniens*.[3]

Based on the foregoing reasons, Martin and Sheehy's Motion to Dismiss for Lack of Personal Jurisdiction is denied. The Alternative Motions to Transfer Venue filed by Martin, Sheehy, BNSF, and Stillwater are granted pursuant to the authority of 28 U.S.C. § 1406(a) and the clerk of the Court is directed to transfer this action to the United States District Court for the Western District of Oklahoma.

Dated this 23rd day of February, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[3] It is not appropriate to address the issue of transfer under either 28 U.S.C. § 1404(a) or the doctrine of *forum non conveniens* as both presuppose venue being proper in the Eastern District of Oklahoma.